FIRST NATIONAL BANK OF ANN ARBOR *v.* RHEAD.

BILLS AND NOTES — SET-OFF AND COUNTERCLAIM — EVIDENCE — DIRECTED VERDICT.
   In an action by a bank against the maker of a note, where the material facts in the case were undisputed and failed to sustain defendant's claim of set-off, the trial judge properly directed a verdict in favor of plaintiff.

Error to Washtenaw; Sample (George W.), J. Submitted April 30, 1924. (Docket No. 91.) Decided June 2, 1924.

Assumpsit by the First National Bank of Ann Arbor against George B. Rhead and Amariah F. Freeman on a promissory note. Judgment for plaintiff on a directed verdict. Defendant Freeman brings error. Affirmed.

*John F. Jordan,* for appellant.
*Arthur Brown,* for appellee.

McDONALD, J. This is an action in assumpsit upon a note of $500 given by defendant Freeman to George B. Rhead and indorsed for a valid consideration by Rhead to the plaintiff bank. Rhead died pending the action and the plaintiff elected to proceed against Freeman alone as the surviving defendant. The pertinent facts necessary to an understanding of the situation at the time the note was given may be briefly stated as follows: Rhead and Freeman owned an equity in a contract for a tract of land in Alberta, Canada. They organized a company to take over the land and were to pay Leffingwell and Eagan, the vendors, $30,000 in cash and $30,000

227—Mich.—25.

in company stock.    To carry out this arrangement the company gave notes for $30,000 which were indorsed by some of its officers and left with the plaintiff bank.    Rhead and Freeman induced the vendors to take additional stock to the amount of $10,000 in lieu of cash, $5,000 of this stock to be furnished by Rhead and $5,000 by Freeman.    Under this modified arrangement the vendors were to receive $40,000 in stock and $20,000 in cash.    Rhead and Freeman were to receive $5,000 each in cash out of the $30,000 raised by the bank on the company's notes for the additional stock which was to go to the vendors.    When Freeman applied to the bank for the $20,000 which was to be sent to the Canadian vendors, he was informed that Rhead claimed to have had a subsequent arrangement with them by which they were to accept $2,000 more of his stock in lieu of that amount of cash.    Freeman communicated with Leffingwell and Eagan and they denied the agreement claimed by Rhead.    But the bank had settled with Rhead and refused to deliver a greater amount than $18,000.    In order to close the transaction it became necessary to raise $2,000.    The bank offered to advance the $2,000 on a note to be given by Freeman and one Harmon S. Holmes, who was a director in the company.    This was done. Subsequently they refused to pay this note.    Suit was begun.    A judgment in favor of the bank was affirmed by this court in *First Nat. Bank of Ann Arbor v. Holmes*, 213 Mich. 41.    The judgment was satisfied, Freeman and Holmes each paying one-half.    Immediately prior to the giving of the $2,000 note Freeman and Rhead had settled by arbitration their mutual accounts.    Freeman gave Rhead his note for $500 payable in six months in settlement of the award. Rhead indorsed it to the plaintiff bank and the present suit is on a renewal of this note.

The defendant claims that the note was without consideration, that the consideration failed and that

the note was executed by reason of fraud and deceit on the part of Rhead. In addition to these special defenses defendant Freeman pleaded a set-off for the amount paid by him in satisfaction of the judgment in *First Nat. Bank of Ann Arbor* v. *Holmes, supra*. On the trial the circuit judge directed a verdict against the defendant Freeman. A motion for a new trial was filed and denied to which the defendant duly excepted. Defendant Freeman brings error.

Until the defendant paid his share of the judgment in *First Nat. Bank of Ann Arbor* v. *Holmes, supra*, he at no time had denied liability on the $500 note involved in this suit. He says in his brief:

"After the Supreme Court decision in that case, Freeman refused to renew or pay the $500 note given to Rhead, although he had paid interest on it and considered it a debt due to Rhead until it was legally determined that he must pay the $2,000 and interest or his half of it, which he had always looked upon as an obligation of Rhead."

It is difficult to understand the reasoning that leads the defendant to the conclusion that the payment of the judgment in *First Nat. Bank of Ann Arbor* v. *Holmes* releases him from liability on the note in suit. The giving of the note of $2,000 to the bank was not in the remotest way related to the giving of the note of $500 to Rhead. It is conceded that when the latter note was drawn Freeman owed Rhead the amount stated therein. Rhead owed him nothing then, nor did he owe him anything at the time the $2,000 note was given. Granting that Rhead wrongfully got $2,000 from the bank, the money he obtained belonged to the company and not to Freeman. Personally he could not have maintained a suit against Rhead to recover it. He was only interested in that money as an officer of the corporation. And when he and Holmes borrowed the $2,000 with which to close the deal with the vendors, they were acting for

their corporation and not for Rhead.   In view of these facts there is no basis for Mr. Freeman's claim that, at the time he gave the $500 note, Rhead owed him the $1,000 which he, Freeman, afterwards paid on the bank's judgment and which he here seeks to set off against the note.   As his whole defense rests on that claim, it follows that the court was right in directing a verdict against him.   The material facts in the case are undisputed.   They clearly show that the note in suit was given for a good and valid consideration, that there was no failure of consideration and no legal fraud or concealment attending its execution.

The judgment of the circuit court is affirmed.   The plaintiff will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.